.In the Matter of The Trustees of the Presbytery of New York.

# N. Y. COMMON PLEAS.

In the Matter of the petition of THE TRUSTEES OF THE PRESBYTERY OF NEW YORK to vacate an assessment.

*Validity of assessments — Power of common council to order local improvements otherwise than by contract.*

The New York city charter of 1873 requires the execution of all public works by contract, let to the lowest bidder after advertisement for sealed proposals unless otherwise ordered by three-fourths vote. The common council, in each case, must determine the specific manner in which the work shall be done and of the expenditure therefor. It cannot delegate its discretion and judgment in this regard to any other city officer.

Assessments imposed for benefit under a void ordinance of the common council may be vacated for "substantial error."

*Special Term, May,* 1879.

THIS proceeding was brought to vacate an assessment imposed upon the petitioner's lots for regulating, grading and paving Ninth avenue, between One Hundred and Twenty-third and One Hundred and Twenty-sixth streets. The work was commenced August, 1875 and finished January, 1876, at a total cost of $38,913, of which there was paid for labor, $24,375, and for materials, $12,754. The sum paid for labor was for laborers and teams employed by the commissioner of public works by the day, and that paid for materials was paid for stone, earth, &c., which were purchased upon "orders." No bids were advertised for, nor proposals received, nor contract made in the usual form for any portion of the labor or supplies. The commissioner assumed the power to prosecute the work in this manner by virtue of the following resolution adopted by the common council, December 31, 1872:

"*Resolved*, That the regulating, grading, setting curb and gutter stones, flagging sidewalks and the roadway or surface construction of the following named avenues and streets, to

wit: * * * the Ninth avenue from the northerly line of One Hundred and Twenty-third street to the northerly line of One Hundred and Twenty-sixth street, * * * be executed under the direction of the commissioner of public works by day's work, or in such manner as the said commissioner may deem expedient for the best interests of the city and property owners, and of such material and on such plans as may be prescribed or determined by the said commissioner of public works."

The court ordered proofs to be taken of the matters alleged in the petition (*See Matter of Trustees, &c.,* 54 *How. Pr. Rep.,* 226). Upon the proofs taken the motion to vacate the assessment was made.

*James A. Deering,* for petitioner.

I. The work should have been contracted for upon sealed bids and proposals and with the lowest bidder (*Laws* 1861, *chap.* 308 ; *Laws* 1873, *chap.* 335, *sec.* 91 ; *Matter of Fifty-fourth street* [*MS.*], DAVIES, J. ; *Brady* agt. *Mayor,* 20 *N. Y.,* 312 ; *Ellis* agt. *Mayor,* 1 *Daly,* 102 ; *Donovan* agt. *The Mayor,* 33 *N. Y.,* 201).

II. The common council could not otherwise order the performance of this work, because it is not a case excepted by section 91, chapter 335, Laws 1871 (*Haughwout* agt. *The Mayor,* 2 *Abb. Ct. of App.,* 345 ; *People* agt. *The Mayor,* 32 *Barb.,* 35).

III. But if within the exception of the statute the resolution did not "otherwise order" (*Matter of Emigrant Ind. Savings Bank, MS., ct. of appeals, Dec.,* 1878 ; *Birdsall* agt. *Clarke, MS., ct. of appeals; Thompson* agt. *Schermerhorn,* 6 *N. T.,* 92 ; *S. C.,* 9 *Barb.,* 152 ; *Lyons* agt. *Jerome,* 26 *Wend.,* 484 ; *Matter of Browne, sup. ct., gen. term,* 1867, *MS. ; St. Louis* agt. *Clemens,* 43 *Mo.,* 395 ; *Ruggles* agt. *Collier,* 43 *Mo.,* 359 ; *Jenks* agt. *Chicago,* 56 *Ill.,* 354 ; *Foss* agt. *Chicago, ibid; Kreuser* agt. *Risbon,* 36 *Cal.,* 239).

*William C. Whitney*, counsel to the corporation, and *Hugh L. Cole*, opposed.

DALY, C. J.— I think this case comes sufficiently within the decision of the court of appeals, in the case of the *Emigrant Industrial Savings Bank*, December 10, 1878, printed in the petitioner's points. It was held, in that case, that the power given to the common council by the ninety-first section of the charter of 1873 is a discretionary power which cannot be delegated; that it is the judgment of the common council which the law requires, and not that of any officer they may designate.

The common council, in this case, by a vote of three-fourths, declared that the " regulating and grading be executed under the direction of the commissioner of public works, by day's work, or in such a manner as he might deem expedient for the best interest of the city and property owners." This was not *ordering*, in the language of the statute, that the work be done otherwise than by contract. It was not any exercise of the judgment of the common council, but leaving it entirely to the judgment of the commissioner how the work should be done. It was not an absolute direction or order that it should be done by day's work, but " by day's work or in such manner as he might deem expedient," and that it was done by day's work was his determination, and not theirs. " The law," says judge RAPALLO, who delivered the opinion of the court of appeals, " confers upon the common council the power and duty of *deciding*, in each particular case, whether the provisions requiring the work to be done by contract, and by the lowest bidder, shall be dispensed with, and that it is evidently " a discretionary power that cannot be delegated." He further remarks that " the intention of the statute plainly was to prohibit the incurrence of expense by the corporation for work or supplies, when the aggregate expense for all work necessary for the completion of any particular job in all its parts, or of supplies required for any particular purpose, should

exceed $1,000, without publicly inviting competition and awarding the contract to the lowest bidder giving security for its performance.   As cases might arise where, from the nature of the work or other circumstances, it would be either impracticable or unsuitable to contract for the work or supplies in that manner, a discretion was lodged in the common council empowering them to direct otherwise in such special cases, but this discretion was carefully guarded by providing that it could be exercised only by the concurrent vote of three-fourths of all the members elected.   For the propriety and wisdom of its exercise they are," he says, " responsible to their constituents, and they cannot either throw off this responsibility nor deprive their constituents of the benefit of their individual judgment, by a delegation of this power to a third party."

The work in this instance involved an expense of $38,913.98. If, in the language of judge RAPALLO, it were impracticable or unsuitable to have had it done by contract, which would be open to competition as is contemplated by the statute, it was incumbent upon the common council, in the exercise of their discretionary power and judgment, to decide, by a vote of three-fourths of their body, in what other manner it should be done, and, in my opinion, they decided nothing by the ordinance passed.   Nothing was absolutely determined by it. It provided that it might be done by day's work, if the commissioner so determined, thus shifting the responsibility upon him.   That he determined that it should be done in a way which they contemplated it might be done, does not help the matter, as it was leaving the final determination to him, which they had no power to do.

The motion of the petitioner is, therefore, granted.

In the SUPREME COURT at *Special Term, June*, 1879, a motion was made on behalf of Henry J. Newton to vacate an assessment for regulating, paving, &c., One Hundred and Twenty-third street, a work which was done in the same manner as the above and under the same resolution and ordinance.

*James A. Deering,* for petitioner.

*J. A. Beall* and *Hugh L. Cole,* opposed.

LAWRENCE, *J.*— Since this case was argued, chief justice DALY, in the *Matter of the Presbytery of New York,* has passed upon the validity of the ordinance involved in this case, and has decided that it conferred no power upon the commissioner of public works to do the work in question by day's work.

In that opinion I fully concur, and it follows, therefore, that the prayer of the petitioner must be granted.

---

## N. Y. COMMON PLEAS.